# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RANDY HERMAN,

    Plaintiff,

v.

LACKAWANNA COUNTY, et al.,

    Defendants.

CIVIL ACTION NO. 3:09-CV-1238

(JUDGE CAPUTO)

## MEMORANDUM ORDER

Presently before the Court is Defendants' Motion for Judgment on the Pleadings. (Doc. 20.) The Defendants' motion was filed on April 19, 2010 (Doc. 9), with a brief in support filed on April 22, 2010 (Doc. 10). Plaintiff failed to respond to the motion within the required time frame, and on May 14, 2010, this Court issued an order that the Plaintiff must respond within fourteen (14) days or the Court would consider granting the motion without a merits analysis. (Doc. 22.) This extended deadline passed on May 28, 2010. This is not the first time in this action that Plaintiff has ignored deadlines and this Court's orders. On September 9, 2009, Defendants filed a partial motion to dismiss. (Doc. 8.) After Plaintiff failed to file any brief in opposition, this Court issue an order of November 13, 2009 ordering Plaintiff to respond or otherwise communicate with this Court. (Doc. 11.) Plaintiff failed to do so, and on January 4, 2010, this Court granted the Defendants' motion without a merits analysis. (Doc. 12.) Thereafter, a case management conference was scheduled for February 12, 2010, at 3:45 p.m. in chambers. (Doc. 14.) After Plaintiff failed to appear at the conference, this Court issued a letter admonishing Plaintiff and requesting a justification for the failure to appear. (Doc. 19.) As of today's date, Plaintiff has made no response to

this inquiry. Because Plaintiff has repeatedly failed to comply with deadlines and this Court's Orders, I will now consider dismissing this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *Briscoe v. Klaus*, 538 F.3d 252, 257 (3d Cir. 2008).

The Third Circuit Court of Appeals has applied the six-part test enunciated in *Poulis v. State Farm & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984) when reviewing an order which deprives a party of the right to proceed with or defend a claim without merits analysis, including when an action is dismissed pursuant to FED R. CIV. PRO. 41(b). The factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868. As to the first factor, any failure to comply with this Court's orders was likely the fault of Plaintiff's counsel, rather than the Plaintiff himself. This leans in favor of not dismissing without a merits analysis. *Id.* at 868 (considering the plaintiffs' lack of responsibility for their counsel's dilatory conduct). The second factor, prejudice to the opposing parties, leans in favor of dismissal of the action. Plaintiff's repeated failures prejudice the Defendants by forcing them bear the continued costs of litigation while Plaintiff unfairly delays the prosecution of this action. Because prejudice need not be "irreparable" to be considered, this factor leans in favor of granting the motion. *Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008). The third factor leans heavily in favor of granting the motion without a merits analysis. Plaintiff has twice failed to oppose dispositive motions, failed to comply with three of this Court's orders, failed to appear as required for a case management

2

conference, and failed to respond this Court's request for an explanation.  The fourth factor is neutral, as there is no evidence presently on the record as to why the Plaintiff has failed to respond.  The fifth factor leans against dismissal, because for a party represented by counsel, other sanctions are available.  For example, an effective sanction might be levied against Plaintiff's counsel, without the harsh consequence of dismissing Plaintiff's action. The sixth factor, the meritoriousness of the claim or defense, weighs slightly in favor of dismissal. Plaintiff's remaining claim is alleges a violation of his Fourteenth Amendment rights, without clarifying under what theory and without allegations to support such a claim. Plaintiff fails to allege different treatment from another person, thus does not allege an equal protection violation, and also fails to allege violations of due process.  The lack of merit, however, weighs only slightly in favor of dismissal because the Plaintiff might be able to cure these defects by filing an amended complaint.

In balancing the *Poulis* factors, there is no "magic formula" or "mechanical calculation" to determine how they are considered. *Briscoe*, 538 F.3d at 263.  Instead, it is within the District Court's discretion to balance these factors.  *Id.*  Factors one and five lean towards permitting a merits analysis.  Factors two, three, and six are in favor of dismissing without a merits analysis.  The fourth factor does not lean either way.  Because Plaintiff repeatedly failed to comply with this Court's orders and deadlines, and because Plaintiff's claim as stated is clearly not meritorious, I will dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute without further analysis.  As stated above, Defendants' Motion for Judgment on the Pleadings (Doc. 20) will be denied as moot.

**NOW**, this   14th   day of June, 2010, **IT IS HEREBY ORDERED** that:

(1)   Plaintiff Randy Herman's Complaint (Doc. 1) is **DISMISSED** for failure to prosecute pursuant to Fed. R. Civ. Pro. 41(b).

(2)   Defendants' Motion for Judgment on the Pleadings (Doc. 20) is **DENIED AS MOOT**.

(3)   The Clerk of Court is directed to mark this case as **CLOSED**.

    /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge