# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RANDY HERMAN,

    Plaintiff,

    v.

LACKAWANNA COUNTY, *et al.*,

    Defendants.

CIVIL ACTION NO. 3:CV-09-1238

(JUDGE CAPUTO)

## **MEMORANDUM ORDER**

Presently before the Court is Plaintiff Randy Herman's ("Mr. Herman") Motion to Reopen Case. (Doc. 24.) Plaintiff seeks relief from the Court's June 14, 2010 Order (Doc. 23) dismissing the above-captioned action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Plaintiff commenced this action on June 29, 2009. (Doc.1.) On September 9, 2009, Defendants filed a partial motion to dismiss. (Doc. 8.) After Plaintiff failed to file a brief in opposition, the Court ordered Plaintiff to respond or otherwise communicate with the Court. (Doc. 11.) Plaintiff failed to do so, and on January 4, 2010, the Court granted Defendants' motion to dismiss without a merits analysis. (Doc. 12.) Thereafter, a case management conference was scheduled for February 12, 2010 in chambers. (Doc. 14.) After Plaintiff failed to appear at the conference, this Court issued a letter admonishing Plaintiff and requesting a justification for the failure to appear. (Doc. 19.) Plaintiff never responded.

On April 19, 2010, Defendants filed a motion for judgment on the pleadings. (Doc. 20.) After Plaintiff failed to respond to the motion within the required time period, the Court issued an order directing Plaintiff to respond within fourteen (14) days or the Court would consider granting the motion without a merits analysis. (Doc. 22.) The deadline passed without a response from Plaintiff.

Based on Plaintiff's failure to comply with deadlines and Court Orders, the Court

addressed whether to dismiss the action pursuant to Rule 41(b) in a Memorandum Order dated June 14, 2010. (Doc. 23.) After considering the test enunciated by the Third Circuit in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), Plaintiff's Complaint was dismissed with prejudice for failure to prosecute under Rule 41(b). In that Memorandum Order, it was noted that the action was dismissed because "Plaintiff repeatedly failed to comply with this Court's orders and deadlines and because Plaintiff's claim as stated is clearly not meritorious." (Doc. 23, 3.)

Over three years later, on June 21, 2013, Plaintiff filed the instant motion to reopen the above-captioned action. According to Plaintiff, the case should be reopened because of the inadequate representation provided by his counsel. (Doc. 24, ¶ 4.) Plaintiff's motion to reopen is construed as seeking relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Plaintiff's motion will be denied. Rule 60(c) provides that "[a] motion under Rule 60(b) must be made within a reasonable time- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 61(c). Here, Plaintiff does not indicate the basis for his motion under Rule 60(b), but as his motion was filed more than one year after the Order dismissing his Complaint, he clearly cannot satisfy Rule 60(b)(1), (2), or (3). Additionally, to the extent that Plaintiff's motion is based on Rule 60(b)'s catchall provision, Plaintiff's motion was not made within a reasonable time. *See* Fed. R. Civ. P. 60(b)(6) ("any other reason that justifies relief."). According to the Third Circuit:

> What constitutes a "reasonable time" depends on the circumstances of each case. *Delzona Corp. v. Sacks*, 265 F.2d 157, 159 (3d Cir. 1959). A court considers many factors, including finality, the reason for delay, the practical ability for the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties. *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986); *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981). What constitutes a "reasonable time" also depends on which Rule 60(b) clause a claimant is trying to avail. We have noted that relief under Rule 60(b)(6) is extraordinary because it can be given for "any other reason justifying relief"

2

and is not subject to an explicit time limit. *Coltec Indus. Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir.2002). Therefore, a claimant must establish exceptional circumstances justifying the delay for filing under Rule 60(b)(6).

*In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig.*, 383 F. App'x 242, 246 (3d Cir. 2010). While Plaintiff argues that his case was unsuccessful based on the inadequate representation provided by his counsel, he has not explained the reason why he waited over three years before seeking to reopen his case. Nor can the Court ascertain a reason why Plaintiff was prevented from attempting to have his case reopened prior to June 21, 2013. In addition to the unnecessary and lengthy delay, Defendants would be severely prejudiced by allowing Plaintiff to proceed with his claims at this point. And, in any event, as noted in the June 14, 2010 Memorandum Order, "Plaintiff's claim as stated is clearly not meritorious." (Doc. 23, 3.)

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff Randy Herman's Motion to Reopen Case (Doc. 24) is **DENIED**. Plaintiff's Motion to Extend Time (Doc. 30) and Motion for Appointment of Counsel (Doc. 31) are **DENIED as moot**.

August 12, 2013 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge